UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RUSH UNIVERSITY MEDICAL CENTER,

Plaintiff,

v.

MUTUAL MEDICAL PLANS, INC., and
DOES 1 THROUGH 25, INCLUSIVE,

Defendants.

No. 21 C 03697

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

Rush University Medical Center alleges that Mutual Medical Plans, Inc. improperly denied reimbursement for medical services Rush provided to a beneficiary of Mutual Medical. Mutual Medical moved to dismiss the case, while Rush argues that this Court lacks subject matter jurisdiction and should remand the case to state court. For the reasons stated below, the Court grants Rush's motion and remands this action to the Circuit Court of Cook County, Illinois. Mutual Medical's motion to dismiss is denied as moot.

**Background**

Rush University Medical Center provided medical care to a patient between August 6, 2020 and August 21, 2020. That patient, who is not a party to this case, was at all relevant times a beneficiary of a health plan administered by Mutual Medical ("the Plan"). It appears to be undisputed that the Plan itself is a self-funded welfare benefit plan governed by the applicable provisions in ERISA. The Plan's

1

governing documentation, under "Claim Procedures & Deadlines," states, "Benefits are not assignable." R. 7, Ex. A, at 6.

Prior to providing care, Rush sought and received authorization for treatment from Mutual Medical. After rendering such medical treatment, Rush submitted bills to Mutual Medical for payment. The bills totaled $103,358.62 per Rush's usual and customary charges. Rush alleges that Mutual Medical failed to pay these bills. Rush sued Mutual Medical in state court, asserting alternative claims for breach of implied-in-fact contract and *quantum meruit*. Mutual Medical timely removed the case to this Court, premising federal jurisdiction on the "complete preemption doctrine" under ERISA. R. 1 ¶ 7.

## Legal Standard

Removal is governed by 28 U.S.C. § 1441, which provides, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "[A] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## Analysis

There is no diversity of citizenship here, so this Court's jurisdiction, if any, must derive from a federal question under 28 U.S.C. § 1331. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Defenses raising issues of federal law, even where anticipated, do not "appear on the face of a well-pleaded complaint, and, therefore, do[ ] not authorize removal to federal court." *Id.* at 63.

Although Rush's complaint facially pleads only state law claims, Mutual Medical invokes the doctrine of "complete preemption" under ERISA as grounds for federal jurisdiction and removal. Complete preemption functions as an exception to the well-pleaded complaint rule. *See Shannon v. Shannon*, 965 F.2d 542, 546 (7th Cir. 1992). "Complete preemption, really a jurisdictional rather than a preemption doctrine, confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Franciscan Skemp Healthcare, Inc. v. Central States Joint Bd. Health & Welfare Tr. Fund*, 538 F.3d 594, 596 (7th Cir. 2008).

ERISA offers one such instance. ERISA's civil enforcement provision permits a benefit plan participant or beneficiary to bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA

§ 502(a)(1)(B).[1] The Supreme Court has held that this provision carries "such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (quoting *Taylor*, 481 U.S. at 65-66).

Accordingly, a complaint asserting a claim within the scope of § 502(a)(1)(B), even a purported state-law claim, functionally arises under federal law and is removable to federal court. *Id.*; *Taylor*, 481 U.S. at 67. *Davila* used a two-part test to determine whether a state law claim is within the scope of § 502(a)(1)(B): "[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 210.

Rush argues that the Plan's "unambiguous anti-assignment provision" bars any standing Rush might otherwise have to assert an ERISA claim, effectively negating the first prong of *Davila*. If Rush lacks standing, it cannot assert even an "arguable claim" under federal law, depriving this court of subject-matter jurisdiction. *See Kennedy v. Conn. General Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir. 1991).

---

[1] It is common practice to cite ERISA provisions in this form. The corresponding U.S. Code citation is 29 U.S.C. § 1132(a)(1)(B).

Rush points to a decision from a neighboring district that considered the effect of an anti-assignment provision in an ERISA plan. In *OSF Healthcare*, the plaintiff (a healthcare provider) rendered medical services to a patient insured under an ERISA plan administered by the defendants. *OSF Healthcare Sys. v. Bd. of Trs. Of SEIU Healthcare Ill. Home Care & Child Care Fund*, 456 F. Supp. 3d 1018, 1021 (C.D. Ill. 2020). The plan contained a "comprehensive anti-assignment provision" that stated in part, "You cannot assign your rights as a Plan Participant to a provider or other third party or in any way alienate your claim for benefits." *Id.* After defendants denied coverage for some of the services rendered, plaintiff submitted a claims appeal and a request for plan documentation, both of which defendants denied. *Id.* at 1022. Plaintiff then filed suit seeking a copy of the plan documentation, documents related to processing of the patient's health claims, and other relief. *Id.*

In its analysis, the *OSF Healthcare* court examined a string of Seventh Circuit decisions holding that "[ERISA § 502(a)(1)(B)] supplies jurisdiction when a provider of medical services sues *as assignee of a participant*," so long as that claim is at least colorable. *Kennedy*, 924 F.2d at 700 (emphasis added). The *Kennedy* court qualified this holding by noting that "if the language of the plan is so clear that any claim as assignee must be frivolous," there can be no jurisdiction. *Id.* (citing *Bell v. Hood*, 327 U.S. 678, 682-83 (1946) ("The previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction were the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial

5

and frivolous.")). Several other cases following *Kennedy* similarly emphasized the right of *valid* assignees to bring claims for unpaid benefits as beneficiaries under ERISA. *See OSF Healthcare*, 456 F. Supp. 3d at 1025-26 (citing cases).

Acknowledging that "ERISA instructs courts to strictly enforce the terms of the plan," the *OSF Healthcare* court found that permitting the plaintiff to maintain its suit under ERISA despite the anti-assignment provision would be inconsistent with "this circuit's guidance, the civil enforcement mechanism within the Act, [and] the increasing trend of district and circuit court opinions which hold that anti-assignment provisions in ERISA plans may preclude a provider from bringing action under the Act." *Id.* at 1026-27 (citing cases). Because the anti-assignment provision was "so clear that Plaintiff's claims as an assignee are frivolous," the court found it lacked subject-matter jurisdiction and dismissed the case. *Id.* at 1026.

The Second Circuit has reached a similar conclusion. *See McCulloch Orthopaedic Surgical Services, PLLC v. Aetna Inc.*, 857 F.3d 141 (2d Cir. 2017). In *McCulloch*, the plaintiff healthcare provider sued Aetna under promissory estoppel, seeking reimbursement for surgical services provided to a patient insured by an Aetna-administered ERISA plan. *Id.* at 144. Aetna removed the case to federal court under a complete preemption theory, and the district court denied a motion to remand before eventually dismissing the case on the merits. *Id.* at 145. The Second Circuit reversed, finding the court lacked subject-matter jurisdiction due to the anti-assignment provision in the ERISA plan, which deprived the plaintiff of standing to raise an ERISA claim. *See id.* at 146-48.

6

This Court finds *OSF Healthcare* and *McCulloch* persuasive and holds that the anti-assignment provision in the Plan at issue here bars any claim Rush might bring under ERISA and deprives this Court of subject-matter jurisdiction. While the anti-assignment provision here is not as "comprehensive" as the one at issue in *OSF Healthcare*, it is no less absolute. The provision's language—"Benefits are not assignable"—is unambiguous. Indeed, Mutual Medical takes the same view as Rush on the meaning of this provision. *See* R. 20, at 9 ("Plaintiff concedes that the anti-assignment provision of the plan is clear, and therefore, Plaintiff cannot state a colorable claim against the Plan under ERISA."). The anti-assignment provision precludes Rush from suing to recover benefits payable under the Plan as a beneficiary. Therefore, prong 1 of the *Davila* analysis cannot be satisfied and complete preemption does not apply. *See McCulloch*, 857 F.3d at 148.

Medical Mutual cites to *University of Wisconsin Hospital & Clinics Authority v. Southwest Catholic Health Network Corp.*, No. 14-cv-780, 2015 WL 402739 (W.D. Wis. Jan. 28, 2015), where the court found the plaintiff healthcare provider had standing to assert an ERISA claim either via assignment or as a beneficiary in its own right. That case is distinguishable due to the unambiguous anti-assignment provision here, which precludes any finding that Rush is entitled to benefits through the Plan. *Pohl v. National Benefits Consultants, Inc.*, 956 F.2d 126 (7th Cir. 1992), is also distinguishable because the plaintiffs there were the actual health plan participants.

In its motion to dismiss, Mutual Medical attempts to brush off this entire argument as a red herring, insisting that whether or not Rush is permitted to bring or maintain a suit for benefits under ERISA, its "would-be state law causes of action" still "relate to" the ERISA-governed Plan and are therefore preempted. *See* ERISA § 514(a), 29 U.S.C. § 1144(a). But these arguments are relevant not to complete preemption, a jurisdictional doctrine, but *conflict* preemption (also known as defensive preemption), a substantive defense that does not confer jurisdiction and must be left to the state court to resolve. *See Rice v. Panchal*, 65 F.3d 637, 640 (7th Cir. 1995) ("But state law claims that are merely subject to 'conflict preemption' under § 514(a) are not recharacterized as claims arising under federal law; in such a situation, the federal law serves as a defense to the state law claim, and therefore, under the well-pleaded complaint rule the state law claims do not confer federal question jurisdiction."); *see also Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1281 (11th Cir. 2005) ("[A] state-law claim may be defensively preempted under § 514(a) but not completely preempted under § 502(a)."). This Court offers no opinion on the conflict preemption issue. *See Franciscan Skemp*, 538 F.3d at 601.

Because complete preemption does not apply here, and because no alternative grounds for federal jurisdiction over Rush's state-law claims exist, this case must be remanded to state court.

**Conclusion**

For the foregoing reasons, the Court concludes that it lacks subject-matter jurisdiction over this case. Rush's motion to remand [R. 18] is granted and Mutual Medical's motion to dismiss [R. 6] is denied as moot.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: December 13, 2021